**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES MICHAEL COHEN,

           Plaintiff,

vs.                                             Case No.  3:15-cv-133-J-34JRK

JEFFREY MCGUIRE, individually and
personally, et al.,

           Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Objection to Order Granting Nonparty WCTV-TV's Motion to Quash Plaintiff's Subpoenas Duces Tecum for Depositions and for Protective Order (Doc. 67; Objection) filed on January 20, 2016. In the Objection, Plaintiff challenges the Order (Doc. 65; Order) entered by the Honorable James R. Klindt, the magistrate judge assigned to this case, on January 15, 2016. See Objection at 1. Nonparties Gray Television Group, Inc., its station WCTV-TV, WCTV's News Director Stan Sanders, and its Programming Coordinator, David Doll (collectively "WCTV"), responded in opposition to the Objection on January 27, 2016. See Nonparty WCTV-TV's Opposition in Response to Plaintiff's Objection to Order Granting Motion to Quash (Doc. 68; Response to Objection).  Thus, the issues presented by the Objection are fully briefed and ripe for resolution.

**I.      Background**

In the instant case, Plaintiff sues the City of Jasper; the Chief of Police, Jeffrey McGuire, individually; and the City Manager, Charles Williams, individually. Second Amended Complaint (Doc. 13) at 1. Plaintiff brings state and federal causes of action for false arrest against the City and the two individual Defendants (counts I, II, VI, VII); a state law claim for conspiracy to falsely arrest against the two individual Defendants (count III); a state law claim for malicious prosecution against the two individual Defendants (count IV); a state law claim for conspiracy to maliciously prosecute against the two individual Defendants (count V); a federal claim (42 U.S.C. § 1983) for deprivation of protected property interest without due process against the City and the two individual Defendants (counts VIII and IX); and a federal claim (42 U.S.C. § 1983) for violation of a protected liberty interest against the City and the two individual Defendants (counts X and XI). See generally id. Below, the Court sets forth a brief summary of the facts underlying these various claims.

Plaintiff James Michael Cohen is a former police Captain of the City of Jasper, Florida police department. Second Amended Complaint at 3. On November 14, 2013, Defendant Jeffrey McGuire relieved Cohen of duty for allegedly requesting and receiving payment from the City of Jasper for police duties while he was also receiving payment for officiating youth sporting events. Id. Cohen contends he was given the choice of either immediately resigning voluntarily or facing prosecution and termination. See id. at 3-5. Cohen initially signed a resignation letter, but upon further reflection, sought to rescind it. Id. at 5. McGuire denied his request. Id. at 6. The following day, despite his previous representation that if Cohen resigned he would not face prosecution, McGuire "swore in a complaint/arrest

affidavit that he had just and reasonable grounds to believe that Cohen" had violated the law. Id.  As a result, on December 16, 2013, Cohen was arrested for the three felony offenses of "Official Misconduct, Grand Theft, and Cheating." Id. at 6-7.  The State Attorney's Office later nolle prossed the charges.  Id. at 7.  Cohen's "arrest and the criminal charges filed against him received widespread print and electronic media coverage." Id. at 27.

In the Second Amended Complaint, Cohen alleges that one of the media sources that published information about his arrest and charges was WCTV.  Id.  As such, on June 5, 2015, Cohen served subpoenas duces tecum to WCTV, seeking certain materials and the appearance of WCTV employees for depositions related to the materials.  See Nonparty WCTV-TV's Motion to Quash Plaintiff's Subpoenas Duces Tecum for Depositions and for Protective Order (Doc. 16-1; Motion, Exhibit A). Specifically, the subpoenas seek production of "any and all materials related to 'WCTV #1 Everywhere Ad[,'] WCTV cart number 60238 (including video copy of said ad)," as well as corresponding testimony.  Id. at 4, 7. Subsequently, Cohen informed WCTV "that he seeks only a copy of the Ad . . . and information as to how many times the ad was aired and over what period of time." Plaintiff's Memorandum of Law in Opposition to Nonparty WCTV-TV's Motion to Quash Plaintiff's Subpoenas Duces Tecum for Depositions and for Protective Order (Doc. 21; Response) at 2.

In the Motion, WCTV seeks to quash the subpoenas and to be issued a protective order based upon the First Amendment journalist's privilege.  See Motion at 3-10.  In response, Cohen argues that the journalist's privilege does not apply, and even if it does, the facts of the case overcome the privilege.  See Response at 3-7.  On January 15, 2016, the

magistrate judge, after having conducted a hearing, found that the "qualified journalist's privilege applies to the media at issue," even though the media is referred to as an "ad." Order at 5. He further concluded that Cohen failed to make the requisite showing to overcome the privilege. Id. at 5-6.

On January 20, 2016, Cohen filed an Objection to the Order, arguing that the magistrate judge's decision is clearly erroneous and contrary to law. Objection at 2. In the Objection, Cohen contends that airing his mug shot in a promotional ad is not the "product of investigative reporting," and that the Court failed to explain how it is "genuine newsgathering information." Id. at 3-4. Cohen further contends that the magistrate judge erroneously concluded that his facts cannot "overcome the journalist's privilege." Id. at 4. On January 27, 2016, WCTV filed a Response to the Objection, asserting that "Eleventh Circuit precedent makes clear that the privilege protects newsgathering information regardless of whether it relates to a source, is confidential or nonconfidential, or has been published." Response to Objection at 6. WCTV also argues that Cohen has not met the "heavy burden of establishing . . . by 'clear and convincing evidence,'" that the reporter's privilege should be overcome. Id. at 8.

**II.   Standard of Review**

To prevail in his Objection, Cohen must establish that the conclusions to which he objects in the Order are clearly erroneous or contrary to law. See Rule 72(a); 28 U.S.C. § 636(b)(1)(A); see also Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir.

Unit A June 1981);[1] Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs., 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000); Williams v. Wright, No. 3:09-cv-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec.16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'") (quoting Rule 72(a)). "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations and quotations omitted); see also Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002); see also Pigott v. Sanibel Dev., LLC, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); Schaaf v. SmithKline Beecham Corp., Civil Action No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).

---

[1]   In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

### III. Analysis

While Cohen disagrees with the magistrate judge's conclusions, he fails to suggest that the magistrate judge utilized an incorrect legal standard or that his factual determinations are not reasonably supported by the record. See generally Holton, 425 F.3d at 1350; Botta, 475 F. Supp. 2d at 185. Upon review of the arguments of the parties and the relevant record, the Court is not left with a conviction that a mistake was made. The magistrate judge's conclusion that the information sought by the subpoenas is privileged, and that Cohen failed to overcome that privilege, is neither clearly erroneous nor contrary to law. Accordingly, the Objection is due to be overruled.

It is hereby **ORDERED**:

Plaintiff James Michael Cohen's Objection to the Order Granting Nonparty WCTV-TV's Motion to Quash Plaintiff's Subpoenas Duces Tecum for Depositions and for Protective Order (Doc. 67) is **OVERRULED**, and the magistrate judge's Order (Doc. 65) is **AFFIRMED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of April, 2016.

**MARCIA MORALES HOWARD**
United States District Judge

i33

Copies to:

Counsel of Record

The Honorable James R. Klindt, United States Magistrate Judge